NO. _____

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

-------------------------------------------------------------------------------------

IN RE:

EHIREMEN BENNARD ERIAKHA,

PETITIONER,

V.

UNIVERSITY OF MISSISSIPPI, ET AL.,

RESPONDENTS.

-------------------------------------------------------------------------------------

ON PETITION FOR A WRIT OF MANDAMUS TO THE

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
MISSISSIPPI,

OXFORD DIVISION

(CONSOLIDATED CIVIL ACTION NO. 3:25-CV-00226-MPM-JMV, INCLUDING CASE
NO. 3:25-CV-00250-DMB-RP)

-------------------------------------------------------------------------------------

**EMERGENCY MOTION OF OMOKHODION ALFRED ERIAKHA,**

**MOVANT, TO JOIN AND ADOPT PETITIONER EHIREMEN BENNARD**

**ERIAKHA'S MOTION FOR PROVISIONAL INJUNCTION PENDING**

**RESOLUTION OF PETITION FOR WRIT OF MANDAMUS**

*(Fed. R. App. P. 8(a); 5th Cir. R. 27.3; 28 U.S.C. § 1651(a))*

# EMERGENCY SUMMARY

Movant Omokhodion Alfred Eriakha respectfully seeks immediate joinder in, and adoption of, the Emergency Motion for Provisional Injunction Pending Resolution of Petition for Writ of Mandamus filed by Petitioner Ehiremen Bennard Eriakha. Movant seeks no independent mandamus relief and does not expand the issues before the Court; he seeks only the same provisional injunctive protection requested by Petitioner. Relief is sought pursuant to ***Federal Rule of Appellate Procedure 8(a)***, the ***All Writs Act, 28 U.S.C. § 1651(a)***, and this Court's inherent equitable authority to preserve its jurisdiction, maintain the status quo ante, and prevent irreparable harm.

Movant's posture mirrors Petitioner's in every legally relevant respect. Like Petitioner, Movant was a Ph.D. student in the same academic program at the University of Mississippi and sought emergency Rule 65 relief in the district court to prevent removal from doctoral enrollment. During the same operative period underlying the pending mandamus petition—and while the consolidated district court proceedings remained unadjudicated—Movant's graduate enrollment was terminated.

As a result, Movant now faces the same category of severe and irreversible injury: loss of doctoral enrollment and academic standing; disruption of doctoral program continuity and dissertation supervision; professional derailment; and imminent

2

immigration consequences. These harms are ongoing, compounding, and irreparable. Absent immediate provisional relief extending the same protection requested by Petitioner, Movant's doctoral program faces irreversible disruption before this Court can meaningfully adjudicate the pending mandamus petition, rendering any subsequent relief practically ineffective as applied to Movant.

Accordingly, Movant joins and adopts Petitioner's motion in full and respectfully requests that this Court extend identical provisional injunctive relief to Movant pending resolution of the mandamus proceeding.

## INTRODUCTION

Movant Omokhodion Alfred Eriakha, proceeding pro se, respectfully moves this Court to join and adopt in full the Emergency Motion for Provisional Injunction Pending Mandamus Review filed by Petitioner Ehiremen Bennard Eriakha. Movant is a party to the consolidated district court proceedings whose academic standing and immigration status are directly affected by the relief sought in the pending mandamus petition. Movant seeks no independent mandamus relief and does not expand the issues before the Court; he seeks only the same provisional injunctive protection requested by Petitioner. This motion is brought pursuant to ***Federal Rule of Appellate Procedure 8(a)***, ***the All Writs Act, 28 U.S.C. § 1651(a)***, and this Court's

inherent authority to preserve its jurisdiction, maintain the status quo ante, and prevent irreparable harm.

The relief sought is narrow and identical to that requested by Petitioner: an order directing the University of Mississippi to (1) restore Movant to full graduate enrollment status in the Ph.D. program in Pharmacy Administration (or an equivalent enrollment classification), and (2) refrain from altering, suspending, or terminating that status during the pendency of the mandamus proceeding or further order of this Court.

Movant's posture is materially identical to Petitioner's. Movant was a Ph.D. student in the same graduate program at the University of Mississippi. During the same operative period underlying the pending mandamus petition—and while the consolidated district court proceedings remained unadjudicated—Movant's graduate enrollment was terminated. Accordingly, Movant joins and adopts Petitioner's motion in full and respectfully requests that this Court extend the requested provisional injunction to Movant on equal terms pending resolution of the mandamus proceeding. Movant does not seek to expand the issues before this Court, but solely to join in support of the existing petition for writ of mandamus.

# TABLE OF CONTENTS

EMERGENCY SUMMARY ........................................................................ 2

INTRODUCTION ................................................................................... 3

APPENDIX ............................................................................................. 6

EMERGENCY BASIS (RULE 27.3 CERTIFICATION) ............................. 7

JURISDICTIONAL STATEMENT ........................................................... 9

STATEMENT OF ISSUES ..................................................................... 11

STATEMENT OF RELIEF SOUGHT ..................................................... 11

RELEVANT FACTS .............................................................................. 12

LEGAL STANDARD ............................................................................. 15

ARGUMENT ........................................................................................ 16

    A.   JOINDER IS PROPER, APPROPRIATE, AND NECESSARY ..................................... 16

    B.   MOVANT SATISFIES THE WINTER STANDARD FOR PROVISIONAL RELIEF ... 18

    C.   PROVISIONAL RELIEF IS NECESSARY TO PRESERVE THIS COURT'S JURISDICTION ...................................................................... 19

    D.   THE PUBLIC INTEREST SUPPORTS PROVISIONAL RELIEF ................................ 20

CONCLUSION ...................................................................................... 20

CERTIFICATE OF SERVICE ................................................................ 22

CERTIFICATE OF COMPLIANCE ........................................................ 23

RULE 27.3 CERTIFICATION..................................................................................... 25

# APPENDIX

| Appendix A | Declaration of Omokhodion Alfred Eriakha |
|---|---|

## EMERGENCY BASIS (RULE 27.3 CERTIFICATION)

Movant certifies that this motion presents an emergency requiring immediate action. Movant's graduate enrollment has been terminated, and irreversible academic, professional, and immigration consequences are unfolding. The requested relief cannot await full briefing without rendering mandamus review functionally meaningless as applied to Movant.

Movant is the named plaintiff in Case No. 3:25-cv-00226-MPM-JMV. Petitioner Ehiremen Bennard Eriakha is the named plaintiff in Case No. 3:25-cv-00250-DMB-RP. By order entered November 17, 2025, the district court formally consolidated both actions under Case No. 3:25-cv-00226-MPM-JMV.

Movant therefore seeks joinder because:

1. his civil action is formally consolidated with the action underlying the pending petition for writ of mandamus;

2. the same termination of graduate enrollment status has occurred, arising from the same operative institutional decision;

3. the same irreparable academic harm is materializing continuously and cannot be remedied after the fact;

4. provisional relief is necessary to preserve this Court's ability to exercise meaningful appellate review over the pending mandamus proceeding; and

5. absent provisional relief incident to this Court's jurisdiction, there exists no mechanism to prevent the irreversible collapse of Movant's doctoral program before this Court can complete its review of Petitioner Ehiremen Bennard Eriakha's mandamus record.

At the time Movant's enrollment was terminated, the consolidated district court proceedings remained unresolved, and Petitioner's emergency motions for injunctive relief—seeking to prevent precisely the type of academic and enrollment consequences now occurring—had been pending for weeks and remain unadjudicated. In that posture, requiring Movant to file a separate emergency *Rule 65* motion in the same consolidated action would merely replicate relief already sought and left undecided, serving no practical or judicial purpose.

Meanwhile, irreparable academic and immigration harms continue to unfold and threaten to moot this Court's review of Petitioner Ehiremen Bennard Eriakha's pending petition for writ of mandamus before that review can be meaningfully completed. Accordingly, Movant seeks provisional relief directly from this Court pursuant to *Federal Rule of Appellate Procedure 8(a)(2)*, as such relief is incident to—and necessary to preserve—this Court's jurisdiction over the pending mandamus proceeding.

Absent immediate relief, Movant faces imminent loss of lawful F-1 status, which would independently render mandamus relief ineffective as applied to Movant. The University's International Student and Scholar Services has notified Movant that corrective action is required by January 5, 2026, after which loss of lawful F-1 status would occur.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over the Emergency Petition for Writ of Mandamus filed by Petitioner Ehiremen Bennard Eriakha, arising from consolidated district court proceedings pending in the United States District Court for the Northern District of Mississippi, Oxford Division, Consolidated Civil Action No. 3:25-cv-00226-MPM-JMV (including Case No. 3:25-cv-00250-DMB-RP).

Movant Omokhodion Alfred Eriakha is a plaintiff in the consolidated district court action, Case No. 3:25-cv-00226-MPM-JMV.

This Court has authority to consider Movant's motion for joinder and provisional relief pursuant to:

- ***Federal Rule of Appellate Procedure 8(a)***;

- ***the All Writs Act, 28 U.S.C. § 1651(a)***; and

- this Court's inherent equitable authority to preserve its jurisdiction and prevent irreparable harm.

9

The district court has subject-matter jurisdiction over Movant's underlying civil-rights claims pursuant to *28 U.S.C. §§ 1331* and *1343* and continues to exercise jurisdiction over the consolidated proceedings. Movant's graduate enrollment was terminated while those proceedings remained unadjudicated.

Movant does not seek mandamus relief independently. He seeks only to join and adopt Petitioner's request for provisional injunctive relief pending resolution of the mandamus petition because the harms addressed in that petition—and the relief necessary to prevent them—apply equally to him. Absent provisional relief from this Court, Movant's doctoral program faces irreversible disruption before the Court can complete its review of the mandamus petition, rendering that review practically ineffective as applied to Movant.

Accordingly, jurisdiction for this motion lies with this Court as an incident of its jurisdiction over the pending mandamus petition and its authority to issue orders necessary to preserve the effectiveness of that jurisdiction.

Relevant portions of the district court record, including the consolidation order and documentation of Movant's enrollment termination and immigration notice, are contained in the appendix to Petitioner's Emergency Petition for Writ of Mandamus and are incorporated herein by reference solely for the limited purpose of establishing procedural posture and jurisdiction.

**STATEMENT OF ISSUES**

1. Whether this Court should grant Movant Omokhodion Alfred Eriakha's motion to join and adopt the pending Emergency Motion for Provisional Injunction filed by Petitioner Ehiremen Bennard Eriakha;

2. Whether provisional reinstatement of Movant's graduate enrollment status is necessary to prevent irreparable harm to Movant's doctoral program while the mandamus petition remains pending; and

3. Whether extending identical provisional relief to Movant is necessary to preserve the practical effectiveness of this Court's jurisdiction over the pending mandamus petition, as applied to Movant.

**STATEMENT OF RELIEF SOUGHT**

Movant Omokhodion Alfred Eriakha respectfully requests that this Court:

1. Grant Movant's motion to join and adopt the Emergency Motion for Provisional Injunction Pending Mandamus Review filed by Petitioner Ehiremen Bennard Eriakha;

2. Extend identical provisional relief to Movant by ordering the University of Mississippi to immediately reinstate Movant to full graduate enrollment status in the Ph.D. program in Pharmacy Administration (or an equivalent enrollment classification);

3. Enjoin the University of Mississippi from altering, suspending, or terminating Movant's enrollment classification, academic standing, or student status while the mandamus petition remains pending, as applied to Movant;

4. Specify that any provisional relief granted to Movant shall be coextensive with, and shall not exceed, the provisional relief requested by Petitioner; and

5. Grant such further or alternative relief as the Court deems necessary to preserve the effectiveness of its review, as applied to Movant, and to prevent irreparable harm.

No bond or security should be required because the relief sought merely preserves the status quo ante during the pendency of this Court's review as applied to Movant and imposes no monetary risk or compensable injury on the University of Mississippi.

## RELEVANT FACTS

Movant Omokhodion Alfred Eriakha sets forth below facts specific to his own enrollment termination and resulting academic, professional, and immigration harms. Although these facts arise from the same consolidated district court proceedings that give rise to the pending petition for writ of mandamus, they are presented independently and without incorporation of Petitioner Ehiremen Bennard

Eriakha's factual record, except to the limited extent necessary to establish procedural posture and this Court's jurisdiction.

## 1. Doctoral enrollment and academic standing

Movant was continuously enrolled as a Ph.D. student in the Department of Pharmacy Administration at the University of Mississippi until his student status was downgraded and his graduate enrollment was terminated effective December 15, 2025. Prior to termination, Movant had completed all required doctoral coursework and remained actively engaged in dissertation-related research.

## 2. Consolidated procedural posture

Movant is a plaintiff in Case No. 3:25-cv-00226-MPM-JMV, which was consolidated on November 17, 2025, with Case No. 3:25-cv-00250-DMB-RP. The consolidated proceedings arise from related institutional actions and remain pending before the United States District Court for the Northern District of Mississippi, Oxford Division.

## 3. Enrollment termination during unresolved proceedings

During the same operative period giving rise to the pending petition for writ of mandamus—and while the consolidated district court proceedings remained unadjudicated—Movant's graduate enrollment was terminated and his status administratively reclassified as not enrolled.

### 4. Academic and professional consequences

As a consequence of the enrollment termination, Movant has lost access to dissertation supervision, academic continuity, tuition remission, and eligibility for continued doctoral progress. The resulting disruption to Movant's doctoral program produces educational and professional harms that are not amenable to retrospective correction through subsequent judicial relief.

### 5. Immigration consequences

On December 15, 2025, the University's International Student and Scholar Services ("ISSS") notified Movant that the termination of his enrollment jeopardized his F-1 immigration status and would result in further adverse consequences unless corrected by January 5, 2026. Loss of lawful F-1 student status would place Movant's ability to remain in the United States and to continue his doctoral studies in immediate jeopardy.

### 6. Ongoing and irreparable harm

Each day Movant remains unenrolled results in continued disruption to his degree trajectory, interruption of research and supervision, injury to his academic record, professional impairment, and escalating immigration risk. These harms are immediate, ongoing, and irreparable. No subsequent ruling—whether on the mandamus petition or on the merits, as applied to Movant—can restore lost

14

academic continuity or undo the cumulative consequences of the enrollment termination.

## LEGAL STANDARD

A party seeking provisional injunctive relief pending appellate review must satisfy the four-factor standard articulated in ***Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)***:

1. a likelihood of success on the merits;

2. a likelihood of irreparable harm absent relief;

3. that the balance of equities favors relief; and

4. that relief is in the public interest.

Where, as here, provisional relief is sought under the ***All Writs Act*** to preserve this Court's jurisdiction and to prevent the practical mootness of a pending petition for writ of mandamus as applied to Movant, the Winter factors are applied in conjunction with ***28 U.S.C. § 1651(a)*** and this Court's inherent authority to safeguard the effectiveness of its review. ***See Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 626 (5th Cir. 1985)*** (*recognizing authority to issue injunctive relief to protect future jurisdiction*).

Joinder is appropriate where a movant seeks identical provisional relief arising from the same procedural posture and materially indistinguishable harms. Here, Movant

and Petitioner are parties to consolidated district court proceedings under Case No. 3:25-cv-00226-MPM-JMV; both experienced termination of graduate enrollment while those proceedings remained unadjudicated; and both face the same categories of irreparable academic, professional, and immigration harm. Accordingly, the irreparable-harm analysis, balance-of-equities assessment, and public-interest considerations set forth in Petitioner's motion apply equally to Movant, and the provisional relief sought—temporary reinstatement pending resolution of the mandamus petition—is identical.

Alternatively, to the extent that strict application of procedural requirements would impair this Court's ability to preserve its jurisdiction or to prevent the practical mootness of its review, Movant respectfully requests relief pursuant to ***Federal Rule of Appellate Procedure 2***.

## ARGUMENT

## A. JOINDER IS PROPER, APPROPRIATE, AND NECESSARY

Joinder is appropriate where a movant seeks the same provisional relief arising from a materially identical procedural posture and indistinguishable irreparable harms. Movant Omokhodion Alfred Eriakha and Petitioner Ehiremen Bennard Eriakha are parties to consolidated proceedings in the district court under Case No. 3:25-cv-00226-MPM-JMV. Each experienced termination of graduate enrollment during the

16

pendency of those proceedings and now confronts immediate and irreparable disruption to doctoral progress.

Movant seeks the same narrow provisional relief requested by Petitioner—temporary restoration of graduate enrollment status pending resolution of the mandamus petition—to preserve this Court's ability to provide meaningful review as applied to Movant. Joinder is accordingly supported by ***Federal Rule of Appellate Procedure 8(a)***, ***the All Writs Act***, and established equitable principles governing interim relief.

The criteria supporting joinder are satisfied here:

1. the provisional relief sought is identical in scope and purpose;

2. the nature, immediacy, and irreparability of the harms are materially the same;

3. the governing legal authority and standards for provisional relief are identical;

4. the procedural posture is consolidated and closely related; and

5. joinder promotes judicial economy by avoiding duplicative motions and ensuring consistent treatment of similarly situated parties.

Under these circumstances, joinder is not only appropriate but necessary to prevent arbitrary divergence in interim relief and to preserve this Court's jurisdiction in the face of materially indistinguishable risks of irreparable harm.

## B. MOVANT SATISFIES THE WINTER STANDARD FOR PROVISIONAL RELIEF

For the same reasons articulated in Petitioner's motion, Movant independently satisfies the four-factor standard governing provisional injunctive relief under *Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)*.

### 1. Likelihood of Success on the Merits.

Movant's claims present serious questions arising from the same institutional actions and legal framework underlying the pending mandamus petition, sufficient to satisfy the likelihood-of-success requirement for provisional relief.

### 2. Irreparable Harm.

Termination of doctoral enrollment results in immediate and irreparable harm, including disruption of dissertation research and supervision, loss of academic continuity, professional derailment, and immigration consequences that cannot be remedied after the fact.

### 3. Balance of Equities.

Maintaining Movant's enrollment during appellate review preserves the status quo ante, whereas denial of relief would result in irreparable academic and immigration harm. Respondents face no material hardship from the temporary continuation of Movant's enrollment status.

**4. Public Interest.**

Provisional relief serves the public interest by promoting procedural fairness, academic integrity, and constitutional compliance within public institutions of higher education. Preserving Movant's doctoral enrollment during judicial review ensures that federal adjudication remains meaningful and is not rendered practically ineffective by irreversible harm.

Because Movant satisfies the same equitable criteria governing provisional relief, extension of the same provisional remedy is warranted.

## C. PROVISIONAL RELIEF IS NECESSARY TO PRESERVE THIS COURT'S JURISDICTION

Absent provisional reinstatement, Movant's doctoral program faces irreversible disruption before this Court can complete its review of Petitioner's pending petition for writ of mandamus. Loss of enrollment status, academic continuity, and dissertation trajectory cannot be reconstructed retroactively. Even a favorable ruling on the mandamus petition would be practically ineffective as applied to Movant if intervening academic and immigration harms are permitted to fully materialize before appellate review is complete.

The *All Writs Act* authorizes narrowly tailored provisional measures necessary to preserve a court's jurisdiction and to prevent appellate review from being rendered

a nullity by intervening events. *See **Mississippi Power & Light Co. v. United Gas Pipe Line Co.**, 760 F.2d 618, 626 (5th Cir. 1985)* (*recognizing authority to issue injunctive relief to protect future jurisdiction*). Extending provisional reinstatement to Movant constitutes precisely the type of ancillary, jurisdiction-preserving relief contemplated, ensuring that this Court's review of the pending mandamus petition remains meaningful as applied to Movant.

## D. THE PUBLIC INTEREST SUPPORTS PROVISIONAL RELIEF

The public interest is served by preserving stability and continuity in doctoral education during the pendency of judicial review. Maintaining Movant's enrollment during appellate consideration prevents irreversible disruption to academic research and training and ensures that this Court's review remains meaningful as applied to Movant.

## CONCLUSION

For the foregoing reasons, Movant Omokhodion Alfred Eriakha respectfully requests that this Court:

1. **Grant** Movant's motion to join and adopt the *Emergency Motion for Provisional Injunction Pending Mandamus Review* filed by Petitioner Ehiremen Bennard Eriakha;

2. **Extend** identical provisional relief to Movant on the same terms, including an order directing the University of Mississippi to immediately restore Movant's graduate enrollment to the status quo ante; and

3. **Enjoin** the University of Mississippi from altering, suspending, or terminating Movant's enrollment classification or academic standing during the pendency of the mandamus proceedings, or grant such other relief as may be necessary to preserve this Court's jurisdiction and prevent irreparable harm.

Movant respectfully joins and adopts Petitioner's *Emergency Motion for Provisional Injunction* in its entirety and requests that provisional relief be entered in his favor on equal and coextensive terms.

Respectfully submitted,

/s/ Omokhodion Alfred Eriakha

Omokhodion Alfred Eriakha
Movant, pro se
1802 Jackson Ave. W., Apt. 83
Oxford, MS 38655
Tel: (662) 281-4676
Email: eriakhab@gmail.com
Dated: 23rd December, 2025

# CERTIFICATE OF SERVICE

Pursuant to **Federal Rule of Appellate Procedure 25(d)** and **Fifth Circuit Rule 25.2**, I hereby certify that on December 23, 2025, I served a true and correct copy of the foregoing Emergency Motion of Omokhodion Alfred Eriakha to Join and Adopt Emergency Motion for Provisional Injunction Pending Mandamus Review, together with the attached Declaration, as follows:

By electronic filing / email (Fifth Circuit Pro Se Filings):
Clerk's Office
United States Court of Appeals for the Fifth Circuit
Email: pro_se@ca5.uscourts.gov


By email (Counsel for Respondents):
Paul B. Watkins, Esq.
Mayo Mallette PLLC
Email: pwatkins@mayomallette.com

Brooke Jackson, Esq.
Mayo Mallette PLLC
Email: bjackson@mayomallette.com


Executed this 23rd day of December, 2025.

Respectfully submitted,
/s/ Omokhodion Alfred Eriakha
Omokhodion Alfred Eriakha
Movant, pro se
1802 Jackson Ave. W., Apt. 83
Oxford, MS 38655
Email: eriakhab@gmail.com

# CERTIFICATE OF COMPLIANCE

(*Fed. R. App. P. 27(d)(2), 32(a), 32(f); 5th Cir. R. 32.1; 5th Cir. R. 27.3*)

Pursuant to *Federal Rule of Appellate Procedure 27(d)(2)*, *Federal Rule of Appellate Procedure 32(a)(5)–(6)*, *Federal Rule of Appellate Procedure 32(f)*, *Fifth Circuit Rule 32.1*, and *Fifth Circuit Rule 27.3*, the undersigned Movant hereby certifies as follows:

## 1. Type–Volume Limitation

This Emergency Motion of Omokhodion Alfred Eriakha to Join and Adopt Emergency Motion for Provisional Injunction Pending Mandamus Review complies with the type–volume limitation of *Federal Rule of Appellate Procedure 27(d)(2)*. The total word count of the motion, as calculated by Microsoft Word, is 3,793 words.

## 2. Typeface and Type Style

This motion complies with the typeface and type-style requirements of *Federal Rule of Appellate Procedure 32(a)(5)–(6)* and *Fifth Circuit Rule 32.1* because it has been prepared using Microsoft Word in a proportionally spaced typeface, specifically 14-point Times New Roman, with any footnotes appearing in at least 12-point font.

## 3. Rule 27.3 Emergency Certification

This filing complies with *Fifth Circuit Rule 27.3*. The nature of the emergency and the basis for expedited consideration are set forth in the Emergency Basis section of the motion. This filing is not presented for purposes of delay.

Executed this 23rd day of December, 2025, in Oxford, Mississippi.

Respectfully submitted,

/s/ Omokhodion Alfred Eriakha
Omokhodion Alfred Eriakha
Movant, pro se
1802 Jackson Ave. W., Apt. 83
Oxford, MS 38655
Tel: (662) 281-4676
Email: eriakhab@gmail.com

# RULE 27.3 CERTIFICATION

*(5th Cir. R. 27.3)*

Pursuant to *Fifth Circuit Rule 27.3*, the undersigned Movant hereby certifies that:

1. The factual statements set forth in this Emergency Motion are true and correct to the best of Movant's knowledge and belief;

2. The motion raises issues requiring emergency action by this Court and explains with specificity why expedited relief is necessary;

3. The motion has been filed as soon as practicable in light of the time-sensitive and irreparable academic, immigration, and enrollment consequences described herein;

4. Opposing counsel was notified of this filing at the earliest practicable time and was advised of the nature of the emergency and the relief sought; and

5. This motion is not filed for purposes of delay, but solely to prevent irreparable harm and to preserve this Court's jurisdiction incident to the pending Emergency Petition for Writ of Mandamus.

Executed this 23rd day of December, 2025, in Oxford, Mississippi.

Respectfully submitted,

/s/ Omokhodion Alfred Eriakha
Omokhodion Alfred Eriakha
Movant, pro se

NO. _____

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

-------------------------------------------------------------------------------------------------

IN RE:

EHIREMEN BENNARD ERIAKHA,

PETITIONER,

V.

UNIVERSITY OF MISSISSIPPI, ET AL.,

RESPONDENTS.

-------------------------------------------------------------------------------------------------

ON PETITION FOR A WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI, OXFORD DIVISION

(CONSOLIDATED CIVIL ACTION NO. 3:25-CV-00226-MPM-JMV, INCLUDING CASE NO. 3:25-CV-00250-DMB-RP)

-------------------------------------------------------------------------------------------------

## DECLARATION OF OMOKHODION ALFRED ERIAKHA

I, Omokhodion Alfred Eriakha, declare as follows:

1. I am the Movant in this matter and a plaintiff in Consolidated Civil Action No. 3:25-cv-00226-MPM-JMV, pending in the United States District Court for the Northern District of Mississippi, Oxford Division. This declaration is submitted in support of my Emergency Motion to Join and Adopt Petitioner Ehiremen Bennard Eriakha's Motion for Provisional Injunction Pending Resolution of the Petition for Writ of Mandamus.

2. Until December 15, 2025, I was continuously enrolled as a Ph.D. student in the Department of Pharmacy Administration at the University of Mississippi.

3. My graduate enrollment was terminated effective December 15, 2025, during the pendency of the consolidated district court proceedings.

4. On December 15, 2025, the University of Mississippi's International Student and Scholar Services (ISSS) notified me that the termination of my enrollment status jeopardized my F-1 immigration status and advised that corrective action was required by January 5, 2026, to avoid further immigration consequences.

5. As of the date of this declaration, I remain unenrolled and therefore lack access to doctoral supervision and the institutional status necessary to continue my doctoral program.

6.  Absent immediate judicial relief, I face imminent loss of lawful F-1 status, which would result in removal from the United States and prevent continuation of my academic program during the pendency of the mandamus proceedings.

7.  The foregoing facts are based on my personal knowledge and are true and correct. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of December, 2025, in Oxford, Mississippi.

/s/ Omokhodion Alfred Eriakha
Omokhodion Alfred Eriakha
Movant, pro se.

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d) and Fifth Circuit Rule 25.2,

I hereby certify that on December 23, 2025, I served a true and correct copy of the

foregoing Emergency Motion of Omokhodion Alfred Eriakha to Join and Adopt

Emergency Motion for Provisional Injunction Pending Mandamus Review, together

with the attached Declaration, as follows:

By electronic filing / email (Fifth Circuit Pro Se Filings):
Clerk's Office
United States Court of Appeals for the Fifth Circuit
Email: pro_se@ca5.uscourts.gov

By email (Counsel for Respondents):
Paul B. Watkins, Esq.
Mayo Mallette PLLC
Email: pwatkins@mayomallette.com

Brooke Jackson, Esq.
Mayo Mallette PLLC
Email: bjackson@mayomallette.com

Executed this 23rd day of December, 2025.

Respectfully submitted,
/s/ Omokhodion Alfred Eriakha
Omokhodion Alfred Eriakha
Movant, pro se
1802 Jackson Ave. W., Apt. 83
Oxford, MS 38655
Email: eriakhab@gmail.com